UNITED STATES of America

v.

**Roddeeka LOCKETT, Defendant.**

**No. CRIM. 3:04CR017.**

United States District Court,
E.D. Virginia,
Richmond Division.

July 16, 2004.

---

Matthew Childs Ackley, US Attorney's Office, Richmond, VA, for U.S.

Craig Weston Sampson, Sampson Law Firm PLC, Richmond, VA, for Defendant.

### MEMORANDUM OPINION

### (Defendant's Constitutional Challenge to the United States Sentencing Guidelines)

HUDSON, District Judge.

This case is before the Court for sentencing following the defendant's plea of guilty to the charge of conspiracy to distribute and to possess with the intent to distribute 50 or more grams of cocaine base, commonly known as "crack," in violation of 21 U.S.C. § 846. Relying on *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the defendant challenges the constitutionality of the United States Sentencing Guidelines. For the reasons discussed below, this Court is of the opinion that the federal Sentencing Guidelines, as they apply to this case, are unconstitutional.

On March 29, 2004, and pursuant to a written plea agreement, the defendant entered a plea of guilty to a one-count indictment charging him with distribution of and possession with the intent to distribute 50 grams or more of cocaine base. In the accompanying statement of facts, the defendant stipulated "that the total weight of cocaine base attributable to him in this distribution conspiracy is more than 50 grams." The statement of facts does not specify, however, the total quantity of drugs that would be attributable to the defendant under a relevant conduct analysis. Likewise, the statement makes no mention of the defendant's possession of a weapon during the drug conspiracy.

Following the Court's acceptance of the defendant's plea of guilty, the case was referred to the United States Probation Office for the preparation of a presentence report. Based on information supplied to the government by a cooperating source, the probation officer determined that, for relevant conduct purposes, the defendant should be held responsible for 3.02 kilograms of cocaine base. With the addition of this enhancement, the defendant's total offense level increased to a 38. Had the defendant only been held accountable for the 50 grams he admitted in the statement of facts, his base offense level would have been a 32.

Next, the probation officer assessed a two-level increase for the defendant's possession of a firearm in connection with the drug conspiracy. Like the drug weight enhancement, this enhancement was based upon information contained in the government's file. According to a confidential source, at some time during the conspiracy, the defendant discharged a firearm at another individual who he believed to be a police informant. With this addition, the defendant's adjusted offense level rose to a 40. The defendant noted a timely objection to both the drug weight and the firearm enhancements.

Subsequent to the defendant's plea of guilty but prior to his sentencing, the United States Supreme Court handed down its decision in *Blakely*. As the basis for his challenge, the defendant contends that *Blakely* controls this sentencing proceeding. He argues, in essence, that the United States Sentencing Guidelines ("Guidelines"), at least to the extent they apply to his case, violate the Sixth Amendment insofar as they permit the sentencing court to increase his criminal exposure and liability based upon facts only proven by a preponderance of the evidence. The government agrees, suggesting that if the *Blakely* decision applies to the United States Sentencing Guidelines, then the

Guidelines are constitutionally infirm as applied to this particular defendant.[1]

Although the various dissents offer a contrary opinion, the *Blakely* majority does not specifically address the constitutionality of the United States Sentencing Guidelines because that issue was not before the Court. *Blakely*, at 2540. According to the majority, "[*Blakely*] is not about whether determinate sentencing is constitutional, only about how it could be implemented in a way that respects the Sixth Amendment." *Id.* at 2540.

On the other hand, when you compare the United States Sentencing Guidelines with the Washington statute at issue in *Blakely*, the sentencing schemes appear symmetrical. The only distinction between the two is that the Guidelines are promulgated by the United States Sentencing Commission, and the Washington statute is a creature of the state legislature.[2] This is a technical, factual distinction without a legal difference. As the United States Court of Appeals for the Seventh Circuit recently pointed out in *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), "[t]he pattern [of the Guidelines] is the same as that in the Washington statute, and it is hard to believe that the fact that the guidelines are promulgated by the U.S. Sentencing Commission rather than by a legislature can make a difference." *Booker*, at 510. Congress has delegated to the Sentencing Commission the power to draft and publish the Guidelines.

"[I]f a legislature cannot evade what the Supreme Court deems the commands of the Constitution by a multistage sentencing scheme neither, it seems plain, can a regulatory agency." *Id.* This Court, therefore, must draw the inescapable conclusions that, first, the rule announced in *Blakely* applies to the United States Sentencing Guidelines; and, second, the constitutionality of every Guidelines application must be determined on a case-by-case basis. *See United States v. Croxford*, 324 F.Supp.2d 1255 (D. Utah 2004.)

Having found that *Blakely* applies to the United States Sentencing Guidelines, the Court must now determine, procedurally, how to apply *Blakely*. According to the majority opinion, the *Blakely* holding merely extends existing Supreme Court jurisprudence. More specifically, in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Expanding upon this principal, the Court in *Blakely* concluded that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, at 2537. "In other words, the relevant 'statutory maxi-

---

1. The parties also argue that, if *Blakely* applies to the United States Sentencing Guidelines, then the majority opinion in *Blakely* renders the Guidelines themselves unconstitutional. The Court disagrees. The Guidelines themselves are facially neutral. It is only when certain enhancements are sought—those which have not been either admitted or pled and proved beyond a reasonable doubt—that the Guidelines, *in that particular case,* violate the defendant's Sixth Amendment rights. Thus, although the Guidelines, as ap-

plied, may be unconstitutional, this determination must be made on a case-by-case basis.

2. Although the United States Sentencing Guidelines are not a statute *per se,* "they are nonetheless binding on sentencing courts." *United States v. Pineiro*, 377 F.3d 464, ——, 2004 WL 1543170, at *6 (5th Cir.2004). Thus, they are "the equivalent of legislative rules adopted by federal agencies." *Stinson v. United States*, 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

mum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." *Id.* at 2537. (citation omitted). Thus, the United States Supreme Court now defines the relevant statutory maximum as that which the court can impose without making its own findings, looking beyond the jury verdict, or exceeding the facts either admitted or conceded by the defendant.

Applying that definition to the case at hand, the critical question becomes whether the fact finding necessary to apply the United States Sentencing Guidelines, as calculated in this case, requires the Court to exceed its constitutional authority. More specifically, this Court must determine, for each requested enhancement, whether it is being called upon to assay facts neither reflected in the statement of facts nor otherwise admitted by the defendant. *See United States v. Penaranda,* 375 F.3d 238 (2nd Cir.2004)(*en banc*).

■ The two sentencing enhancements at issue in this case—the additional drug weight and the firearm possession—were neither contained in the indictment nor included in the statement of facts. Consequently, and pursuant to *Blakely,* the defendant contests the assessment of those enhancements. In opposition, and based on confidential source information, the government urges the Court to apply the two enhancements. The resulting tension creates the type of factual issue specifically found by the *Blakely* Court to be constitutionally fatal.

■ On a separate note, it *may* be that the enhancement for firearm possession is severable from the Guidelines calculus. If

it is, the Government can separately indict and prosecute it. Clearly the drug weight enhancement, however, is not severable. *See Booker,* at 513–14. The inclusion of an unseverable enhancement even further undermines the constitutionality of the Guidelines matrix in this case.

Accordingly, the Court must conclude that the United States Sentencing Guidelines are unconstitutional as they apply to this case. *See Booker,* at 511–13; *United States v. Shamblin,* 323 F.Supp.2d 757, 762–768, 2004 WL 1468561, *4–10 (S.D.W.Va.2004). This Court, therefore, will employ the Guidelines as merely advisory, and will utilize its own, independent judgment in determining the appropriate sentence to impose from within the statutorily-prescribed range.

In future cases, the Guidelines may be displaced by an indeterminate system in which "the 'guidelines' will become simply recommendations that the judge should seriously consider but may disregard when [he or] she believes that a different sentence is called for." *United States v. Montgomery,* No. 03–5256, 2004 U.S.App. LEXIS 14384, *8 (6th Cir., filed July 14, 2004) (holding that *Blakely* invalidates federal sentencing guidelines). In the meantime, and until such issues are resolved by a higher court, the constitutionality of many Guidelines applications will be disputed. Accordingly, and unless it receives contrary instruction, in the typical case involving a guilty plea this Court will rely on the following approach.

First, in a case where no enhancement is requested, the Guidelines application cannot be said to violate the defendant's Sixth Amendment rights, and this Court will sentence the defendant within his Guidelines matrix. Likewise, if an enhancement is based strictly upon facts admitted or

stipulated to by the defendant or found by a jury, then the Guidelines will be applied as calculated.

Second, if an enhancement appears to be based on facts neither pled nor admitted and/or proved beyond a reasonable doubt, then the Court will ask whether the United States wishes to pursue such an enhancement.[3] If the Government elects to proceed with the enhancement, this Court will have no other remedy except to find that the Guidelines, as applied to that specific sentencing proceeding, are unconstitutional. In so doing, the Court will look to the Guidelines as an advisory recommendation but will use its own, independent discretion to sentence the defendant appropriately within the statutory sentencing range.[4]

Of course, not all cases are typical. Post-*Blakely* sentencing procedures are rapidly evolving and are spawning many issues of first impression. Obviously, the procedures announced today may require some adjustment and fine-tuning as decisions interpreting *Blakely* are published. Extraordinary cases and exceptional circumstances may dictate modifications of these procedures. In most cases before this Court where sentencing enhancements are at issue which have been neither pled nor admitted by the defendant or otherwise proven beyond a reasonable doubt, however, this Court will begin its analysis with an assumption that the Guidelines are unconstitutional as applied to that proceeding. In those instances, unless convinced to the contrary, this Court will resort to an indeterminate sentencing scheme.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

---

3. This is assuming, of course, that the defendant has not waived his right to have such enhancements proved beyond a reasonable doubt and by a jury as a component of his plea agreement.

4. Whether a plea component in which the defendant waives his right to appeal the Court's sentence is affected by such a finding is an issue best left to the Fourth Circuit Court of Appeals.